IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TOWER INSURANCE COMPANY OF NEW YORK,** a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>**ROSE CITY AUTO GROUP, LLC,** an Oregon limited liability company**; LEONARD M. SHILEY,** an individual**; TERESA BYLE,** an individual**; LOGAN DRIEDRIC,** an individual; **JOANNA STONER**, an individual**; STEPHEN STONER,** an individual**; LOVE MARTINO,** an individual**; ANAN SRIVILAI**, an individual**; CAMERON JOHNSON**, an individual**; JONATHAN GILBERT,** an individual**; TINA HARRAL,** an individual; **ROY WIEGAND,** an individual; **NATHAN LANGER,** an individual**; KAREN BERSINE,** an individual**; MELISSA STEVENS,** an individual**; TONY EDWARDS,** an individual**; DEBBIE RECKTANGLE,** an individual**; RODNEY JENKINS,** an individual**; STEPHEN SCHANTIN,** an individual**; BRITTANY LAWRENCE,** an individual**; MATT REED,** an individual**; SHERIAL REED,** an individual**; RACHEL SCHANTIN**, an individual**; EZEKIAL HUNT,** an individual**; BOBBY HEAGLE,** an individual**; LANEY BLANKENSHIP**, an individual**; LONNEY FRANCIS,** an individual**; OREGON COMMUNITY CREDIT UNION,** an Oregon non-profit entity**; TWINSTAR CREDIT UNION,**<br><br>Defendants. | Case No. 14-cv-00975-MO<br><br>Order For Interpleader Discharge Discharging Plaintiff From Further Liability, And For An Award Of Plaintiff's Costs and Attorney Fees |

1 –ORDER

**MOSMAN, J.**,

This matter came before the Court on Tower Insurance Company of New York's ("Tower") Motion for Order of Interpleader Discharging Plaintiff From Further Liability, and for an Award of Plaintiff's Costs and Attorney Fees ("the Motion"), which Motion sought to interplead the Bond proceeds of a Motor Vehicle Dealer's Surety Bond posted by Tower, as surety, and on behalf of Leonard M. Shiley dba Rose City Auto Group and/or Rose City Auto Group, LLC, as principal, Bond No. CSBCU1000927 (the "Bond"), to discharge and exonerate Tower and the Bond and to protect Tower from further claims against the Bond, and for award of Tower's costs and attorney fees from the interplead proceeds; the Court having reviewed the files and records herein, as well as Tower's Motion, the supporting memorandum, and the Declaration of Lawrence A. Wagner, and the Court otherwise being informed, now, therefore:

IT IS HEREBY ORDERED, as follows:

1. Tower's Motion is granted.

2. Tower is hereby directed to deposit with the Court the sum of $40,000 (the "Bond Proceeds").

3. Upon tender of the Bond Proceeds, Tower is discharged and exonerated from all claims and liability that arise in any manner related to the Bond; all pending claims against Tower in this matter that arise out of or relate to the Bond are hereby dismissed with prejudice; all claims that may or could have been made against Tower and all judgments that were or could have been entered in connection with the Bond shall be satisfied from the proceeds of the Bond Proceeds tendered into the Court registry, and Tower shall not be liable for any amount in excess of the amount herein interplead;

4. All persons are enjoined and restrained from filing or prosecuting any suit, action or other claim or judgment against Tower on account of its obligations under the Bond.

5. Tower shall be allowed to recover from the Bond Proceeds the sum of $12,170.42, as amounts reasonably incurred in connection with this interpleader action. The clerk of the court is hereby directed to disburse from the registry of the court, the sums awarded to Tower. The check shall be sent to Tower in care of Lawrence A. Wagner, Stewart Sokol & Larkin, LLC, 2300 SW First Avenue, Suite 200, Portland, Oregon 97201.

6. All rights of subrogation and indemnity under the terms of the Bond and the indemnity agreement held by Tower are specifically reserved for the benefit of Tower and are not waived, released or discharged hereby; Tower's indemnity claim shall be resolved by separate motion and order.

5. If the Court ascertains that valid claims timely filed with the Court are less than the remaining Bond Proceeds that were tendered to the Court, then the Court will return such undisbursed Bond Proceeds to Tower.

DATED this __20th__ day of November, 2014.

    /s/ Michael W. Mosman
    MICHAEL W. MOSMAN
    United States District Judge

3 –ORDER