**Daniel L. Duyck, OSB #972529**
E-mail: dduyck@whippleduyck.com
Whipple & Duyck, P.C.
1500 SW First Ave., Suite 1170
Portland, OR 97201
Telephone (503) 222-6191
Facsimile (503) 222-6029

Attorneys for Defendant Westlake Flooring Company, LLC dba Westlake Financial Services.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TOWER INSURANCE COMPANY OF NEW YORK**, a New York corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>**ROSE CITY AUTO GROUP, LLC**, an Oregon limited liability company; **LEONARD M. SHILEY**, an individual; **THERESA BYLE**, an individual; **LOGAN DRIEDRIC**, an individual; **JOANNA STONER**, an individual; **STEPHEN STONER**, an individual; **LOVE MARTINO**, an individual; **ANAN SRIVILAI**, an individual; **CAMERON JOHNSON**, an individual; **JONATHAN GILLBERT**, an individual; **TINA HARRAL**, an individual; **ROY WIEGAND**, an individual; **NATHAN LANGER**, an individual; **KAREN BERSINE**, an individual; **MELISSA STEVENS**, an individual; **TONY EDWARDS**, an individual; **DEBBIE RECKTANGLE**, an individual; **RODNEY JENKINS**, an individual; **STEPHEN SCHANTIN**, an individual; **BRITTANY LAWRENCE**, an individual; **MATT REED**, an individual; **SHERIAL** | Case No.: 3:14-cv-00975-MO<br><br>WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING SERVICES' RESPONSE TO MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS |

Page 1   WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING SERVICES' RESPONSE TO MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS

WHIPPLE & DUYCK, P.C.
ATTORNEYS AT LAW
1500 SW FIRST AVE., SUITE 1170
PORTLAND, OR 97201
503.222.6004
503.222.6191

**REED**, an individual; **RACHEL SCHANTIN**, an individual; **EZEKIAL HUNT**, an individual; **BOBBY HEAGLE**, an individual; **LANEY BLANKENSHIP**, an individual; **LONNEY FRANCIS**, an individual; **OREGON COMMUNITY CREDIT UNION**, an Oregon non-profit entity; **TWINSTAR CREDIT UNION**, a Washington nonprofit corporation; **LOBEL FINANCIAL CORPORATION**, a California corporation; **THE EQUITABLE FINANCE COMPANY**, an Oregon corporation; **UNITUS COMMUNITY CREDIT UNION**, an Oregon non-profit entity; **WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING SERVICES**, a California limited liability company; and **DOES** 1-30,

    **Defendants**.

Defendant and Crossclaimant Westlake Flooring Company LLC, dba Westlake Flooring Services ("Westlake"), hereby responds to Plaintiff's Motion Regarding Resolution of Claims and Final Disbursement of Funds ("Motion") as follows:

1) Westlake is statutorily entitled to its *pro rata* share of the remaining deposited funds capped at $20,000;

2) Claimants Joanna and Stephen Stoner (collectively, the "Stoners") are entitled to their full claim of $964.50;

3) The claims of the remaining Claimants are invalid; and

4) Plaintiff is entitled to the return of $6,865.08.

Page 2    WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING SERVICES' RESPONSE TO MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS

WHIPPLE & DUYCK, P.C.
ATTORNEYS AT LAW
1500 SW FIRST AVE., SUITE 1170
PORTLAND, OR 97201
503.222.6004
503.222.6191

**MEMORANDUM IN SUPPORT**

### 1.     A Valid Bond Claim Must Be Based On Fraud, Fraudulent Representation, Or Enumerated Violations Of The Vehicle Code.

ORS 822.030 outlines the requirements for making a claim against a bond. Subsection (2) provides:

> (2) Any person shall have a right of action against a vehicle dealer, against the surety on the vehicle dealer's bond and against the letter of credit in the person's own name if the person suffers any loss or damage by reason of the vehicle dealer's fraud, fraudulent representations or violations of provisions of the vehicle code relating to:
>   (a) Vehicle registration;
>   (b) Vehicle permits;
>   (c) The transfer or alteration of vehicles; or
>   (d) The regulation of vehicle dealers.

Therefore, a claimant cannot recover on a dealer bond, unless the claimed loss is the result of: (1) fraud; (2) fraudulent representation; or (3) enumerated violations of the vehicle code.

### 2.     Westlake's Bond Claim Is Based On Fraud.

Westlake's bond claim is based on the fraudulent activity of Rose City Auto Group ("Rose") and its principal, Leonard M. Shiley ("Shiley").[1]  None of the parties have disputed this fact, including Plaintiff.  As such, Westlake is statutorily entitled to recover on the dealer bond.

Plaintiff's Motion cites ORS 822.045 and *Brasher's Cascade Auto Auction, Inc. v. Leon*, 247 Or App 535 (2011) to suggest that a bond claim cannot be based on a dealer's failure to pay off a loan or to clear title.

---

[1] *See* Memorandum of Patrick Amato in Ex.2, pp. 9-13 of *Westlake's Answer, Counterclaim, and Crossclaims* (detailing discovery of various fraudulent activity as part of Westlake's audit of Rose).

Page 3     WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING SERVICES' RESPONSE TO MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS

WHIPPLE & DUYCK, P.C.
ATTORNEYS AT LAW
1500 SW FIRST AVE., SUITE 1170
PORTLAND, OR 97201
503.222.6004
503.222.6191

However, Westlake's claim is not based on the dealer's failure to pay off a loan or to clear title. Instead, Westlake's claim is based on the dealer's fraud.

Moreover, nothing in ORS 822.045 says that a violation under that section disqualifies it from being the basis of a bond claim under ORS 822.030(2). Plaintiff is imposing requirements for a valid bond claim that are not found in ORS 822.030(2).

Finally, *Brasher's* is about claims based on violations of the Vehicle Code. Westlake's claim is based on fraud. Therefore, *Brasher's* is irrelevant to the validity of Westlake's claim.

### 3.  None Of The Non-Consumer Claimants Have A Valid Bond Claim.

The following parties have filed a claim against the bond: (1) Unitus Community Credit Union; (2) Oregon Community Credit Union; (3) Tidewater Credit Union.

The basis of Unitus Community Credit Union's claim is that the dealer "made only 2 payments . . . has not returned calls or responded to letters . . . [and as a result, Unitus] are unable to perfect this title." *See* Affidavit of Claim to Unitus Community Credit Union's Answer to Plaintiff's Complaint and Counterclaim. This cannot support a bond claim under ORS 822.030.

The basis of Oregon Community Credit Union's claim is that "Rose City Auto Group failed to pay the premiums for the Service Contract and the GAP Insurance policy." *See* Page 2 of Affidavit of Claim to Oregon Community Credit Union's Filing of Claim. This cannot support a bond claim under ORS 822.030.

The basis of Twinstar Credit Union's claim is that "Rose City Auto Group has never provided clear title and has converted the loan funds paid." Page 3 of Carol Nelson's Delaration of Defendant Twinstar Credit Union's Filing of Claim. This cannot support a bond claim under ORS 822.030.

Page 4    WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING
         SERVICES' RESPONSE TO MOTION REGARDING RESOLUTION OF
         CLAIMS AND FINAL DISBURSEMENT OF FUNDS

WHIPPLE & DUYCK, P.C.
ATTORNEYS AT LAW
1500 SW FIRST AVE., SUITE 1170
PORTLAND, OR 97201
503.222.6004
503.222.6191

Westlake is the only "Other than Retail Customer" claimant to allege fraud in its counterclaim and to assert separate crossclaims against Rose and Shiley alleging fraud. Therefore, Westlake is the only non-consumer who is entitled to the bond proceeds.

### 4.     Proposed Distribution

Based on the foregoing, Westlake respectfully requests that the remaining funds should be split *pro rata* between the Stoners and Westlake.  The math is as follows:

The total amount of claims is: $45,712.83 = $44,748.33 + $964.50

The Stoners' *pro rata* share is: $587.18 = $27,829.58 x ($964.50/$45,712.83)

Westlake's *pro rata* share is: $27,242.40 = $27,829.58 x ($44,748.33/$45,712.83)

Per ORS 822.030(3), Westlake's pro rata share is capped at $20,000.  After applying the cap, more funds are available to the Stoners so that they can recover their entire claim of $964.50.

After the Stoners and Westlake receive their shares, Plaintiff is left with: $6,865.08 (=$27,829.58 - $20,000 - $964.50).

The Court should enter an order disbursing the remaining funds accordingly.

Dated this 11th day of March, 2015.

                                        WHIPPLE & DUYCK, P.C.


                            By:    /s/ Daniel L. Duyck
                                   Daniel L. Duyck, OSB #972529
                                   Of Attorneys for Defendant
                                   Westlake Flooring Company, LLC dba
                                   Westlake Financial Services

Page 5    WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING SERVICES' RESPONSE TO MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS

WHIPPLE & DUYCK, P.C.
ATTORNEYS AT LAW
1500 SW FIRST AVE., SUITE 1170
PORTLAND, OR 97201
503.222.6004
503.222.6191

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March, 2015, I served the foregoing WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING SERVICES' RESPONSE TO MOTON REGARDING RESULTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS on the following parties:

| | |
|---|---|
| Lawrence A. Wagner<br>Stewart Sokol & Gray LLC<br>2300 SW First Ave., Suite 200<br>Portland, OR 97201-0699<br><br>*Of Attorneys for*<br>*Tower Insurance Company of New York* | Michelle M. Bertolino<br>Farleigh Wada Witt<br>121 SW Morrison St., Suite 600<br>Portland, OR 97204<br><br>*Of Attorneys for*<br>*Unitus Community Credit Union* |
| Thomas M. Orr<br>Hutchinson Cox Coons et al<br>940 Willamette St., Suite 400<br>PO Box 10886<br>Eugene, OR 97440<br><br>*Of Attorneys for*<br>*Oregon Community Credit Union* | James P. Laurick<br>Kilmer, Voorhees & Laurick, P.C.<br>732 NW 19th Avenue<br>Portland, Oregon 97209<br><br>*Of Attorneys for*<br>*Twinstar Credit Union* |

☒ via CM/ECF system

| | |
|---|---|
| Joanna Stoner<br>PO Box 381<br>Onalaska, WA 98570 | Stephen Stoner<br>PO Box 381<br>Onalaska, WA |

☒ by mailing a true and correct copy thereof by U.S. Postal Service, ordinary first class mail, addressed to each non-CM/ECF party's last-known address and depositing in the U.S. mail at Portland, Oregon, on the date set forth above;

DATED this 11th day of March, 2015.

/s/ Daniel L. Duyck
Daniel L. Duyck, OSB #972529

Page 1   CERTIFICATE OF SERVICE

WHIPPLE & DUYCK, P.C.
ATTORNEYS AT LAW
1500 SW FIRST AVE., SUITE 1170
PORTLAND, OR 97201
503.222.6004
503.222.6191