James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
Alisa D. Hardy, OSB No. 105886
ahardy@kilmerlaw.com
Kilmer, Voorhees & Laurick, P.C.
Attorneys at Law
732 NW 19th Avenue
Portland, Oregon 97209
Telephone: (503) 224-0055
Fax: (503) 222-5290

Attorneys for Defendant Twinstar Credit Union

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TOWER INSURANCE COMPANY OF NEW YORK**, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>**ROSE CITY AUTO GROUP, LLC**, an Oregon limited liability company; **LEONARD M. SHILEY**, an individual; **TERESA BYLE**, an individual; **LOGAN DRIEDRIC**, an individual; **JOANNA STONER**, an individual; **STEPHEN STONER**, an individual; **LOVE MARTINO**, an individual; **ANAN SRIVILAI**, an individual; **CAMERON JOHNSON**, an individual; **JONATHAN GILBERT**, an individual; **TINA HARRAL**, an individual; **ROY WIEGAND**, an individual; **NATHAN LANGER**, an individual; **KAREN BERSINE**, an individual; **MELISSA STEVENS**, an individual; **TONY EDWARDS**, an individual; **DEBBIE RECKTANGLE**, an individual; **RODNEY JENKINS**, an individual; **STEPHEN SCHANTIN**, an individual; **BRITTANY** | Case No. 3:14-cv-00975-MO<br><br>**DEFENDANT TWINSTAR CREDIT UNION'S RESPONSE TO PLAINTIFF'S (AND WESTLAKE'S) MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS** |

Page 1 -- DEFENDANT TWINSTAR CREDIT UNION'S RESPONSE TO PLAINTIFF'S (AND WESTLAKE'S) MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS

| |
|---|
| **LAWRENCE**, an individual; **MATT REED**, an individual; **SHERIAL REED**, an individual; **RACHEL SCHANTIN**, an individual; **EZEKIAL HUNT**, an individual; **BOBBY HEAGLE**, an individual; **LANEY BLANKENSHIP**, an individual; **LONNEY FRANCIS**, an individual; **OREGON COMMUNITY CREDIT UNION**; an Oregon non-profit entity; **TWINSTAR CREDIT UNION**, a Washington non-profit corporation; **LOBEL FINANCIAL CORPORATION**, a California corporation; **THE EQUITABLE FINANCE COMPANY**, an Oregon corporation; **UNITUS COMMUNITY CREDIT UNION**, an Oregon non-profit entity; **WESTLAKE FLOORING COMPANY LLC**, dba WESTLAKE FLOORING SERVICES, a California limited liability company; and DOES 1-30, |
| Defendants. |

Defendant Twinstar Credit Union ("Twinstar") offers the following response to Plaintiff's Motion Regarding Resolution of Claims and Final Disbursement of Funds ("Motion") and in support of its claim in the amount of $49,577.91. Twinstar is entitled to recover its pro rata share of the bond because its claim arises from Rose City Auto Group, LLC's fraud and violations of ORS 822.045(1)(j) and (k). In addition, Westlake Flooring Company LLC, dba Westlake Flooring Services' ("Westlake") claim is invalid pursuant to ORS 822.045(2) and prevailing common law.

**1. Twinstar's Claim**

Twinstar filed a claim against the bond on the basis that Twinstar made loans to each its customers purportedly secured by a vehicle the customer purchased from Rose City Auto Group. Dkt # 46; Declaration of Carol Nelson, pp. 1-2. Rose City Auto Group never provided clear title for the listed vehicles and converted the loan funds paid. *Id*. In addition, upon information and belief, the title to at least two vehicles, a 1999 VW Passat and a 2003 Mitsubishi Montero, in which Twinstar loaned money are held by co-defendant Westlake. *Declaration of James Laurick*

Page 2 -- DEFENDANT TWINSTAR CREDIT UNION'S RESPONSE TO PLAINTIFF'S (AND WESTLAKE'S) MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS

*("Laurick Dec.")*. Upon further information and belief, Westlake claims an interest in another vehicle financed by Twinstar, a 1993 Cadillac Fleetwood. *Id.*

Under ORS 822.045(k), Rose City Auto was required to furnish the title to Twinstar or submit an application to the DMV for title on behalf of the purchaser. Further, under ORS 822.045(j), Rose City Auto was also required to satisfy Westlake's interest in the above Passat, Mitsubishi and Cadillac within 15 days of the sale of the vehicles. Violations of both ORS 822.045(j) and (k) give rise to a claim against the dealer's bond pursuant to ORS 822.030.

Twinstar's claim is also based on Rose City's fraud. Rose City Auto knew that in order to complete the sale of the vehicles outlined in Twinstar's claim, it needed to furnish clear title to the vehicle. By accepting payment for the vehicles, Rose City Auto represented that clear title would be furnished. Rose City Auto's failure to use the sale proceeds to satisfy the flooring company's interest in the vehicles and its failure to furnish clear titles to Twinstar constitutes fraud.

Twinstar has suffered damages because of Rose City Auto's failures as it is unable to secure its interest in the vehicles for which it loaned money. This prevents Twinstar from enforcing its rights under the various loan agreements as well as potentially preventing Twinstar and the purchasers from recovering on any insurance on the vehicles. See e.g., *Chamberlain v. Jim Fisher Motors, Inc.*, 282 Or. 229, 231, 578 P.2d 1225, 1226 (1978)(insurer to pay claim for theft of vehicle because of claimant's inability to produce title to vehicle).

ORS 822.030(2) provides that Twinstar has a claim against Rose City Auto's bond if it suffers damage by reason of Rose City Auto's fraud or violations of vehicle code relating to vehicle registration or the transfer of vehicles. The statute is remedial for the protection of persons injured by a bonded party and should be liberally construed to accomplish its purpose. *Gen. Elec. Credit Corp. v. United Pac. Ins. Co.*, 80 Or. App. 129, 135, 722 P.2d 15, 18 (1986). Rose City's failure to furnish clear title to Twinstar is fraud and a violation of ORS 822.045(j) and (k). Twinstar has been damaged by Rose City in the amount of $49,577.91 as outlined

Page 3 -- DEFENDANT TWINSTAR CREDIT UNION'S RESPONSE TO PLAINTIFF'S (AND WESTLAKE'S) MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS

above and in its claim.  For this reason, Twinstar respectfully requests its pro rata share of the bond proceeds.

    **2.   Westlake is Not Entitled to Recover on the Bond.**

    *A.   Westlake's Fraud Claim is, in Reality, a Claim under ORS 822.045(j).*

Under ORS 822.045(2) and *Brasher's Cascade Auto Auction, Inc. v. Leon*, 247 Or. App. 535, 270 P.3d 330 (2011), defendant Westlake does not have a valid claim on the bond. Although Westlake asserts that its claim is based on fraud, in reality, Westlake claims that Rose City Auto failed to repay money owed to Westlake under a loan and security agreement.  Dkt. #22-2, pp. 9-13, Exhibit 2 to Westlake's Answer, Counterclaim and Cross claim.  This is a dressed up claim under ORS 822.045(j) that Rose City Auto failed to satisfy Westlake's security interests in the vehicles Rose City Auto sold.  Unfortunately for Westlake, under ORS 822.045(2), failure to satisfy an interest arising from an inventory financing security interest does not constitute a violation of ORS 822.045(j).  Further, Westlake is not entitled to recover on the bond under *Brasher's Cascade Auto Auction, Inc. v.* Leon, 247 Or. App. 535, 542, 270 P.3d 330, 334 (2011).

In *Brasher's*, the Court of Appeals explained that an "inventory financing security interest" or "flooring contract" consists of an entity financing a vehicle dealer's acquisition of vehicles for the dealer's stock, reserving an interest in those vehicles to secure the dealer's obligation to pay its associated debt to the financing person. *Id*. at 541.  In *Brasher's*, like here, the dealer failed to pay for the vehicles he had purchased on credit from two auto auctions.  The Court held that the auto auctions were unable to recover on the dealer's bond. *Id*. at 537.

Westlake premised its claim on fraud.  However Westlake's damages are not based on the fraud, they are based on Rose City Auto's failure to repay the flooring contract.  For instance, Westlake claims that a 2000 Chevrolet Malibu was "floored" with Rose City Auto.  Dkt. #22-2, p. 9.  The vehicle was sold on July 18, 2013, however Rose City Auto purportedly communicated to Westlake that the vehicle was not sold.  Westlake claims that this is an

Page 4 -- DEFENDANT TWINSTAR CREDIT UNION'S RESPONSE TO PLAINTIFF'S (AND WESTLAKE'S) MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS

example of "occasion of the dealer attempting to deceive Westlake." *Id*. This demonstrates that Westlake's harm arose out of the failure to pay Westlake from the proceeds of the sale, not Rose City's subsequent communications. For the foregoing reasons, Westlake does not have a valid claim on the bond.

### B. Westlake Has Not Suffered Damages under ORS 822.030.

Next, Westlake has not suffered damages as it continues to hold title or a security interest in at least three vehicles secured under its agreement with Rose City Auto. As discussed above, Westlake continues to hold title to two vehicles for which Twinstar loaned the purchase price, a 1999 VW Passat purchased by Logan Driedric from Rose City and financed by Twinstar and a 2003 Mitsubishi Montero, VIN # JA4NW51S93J034934, purchased by Teresa Byle and financed by Twinstar. *Laurick Dec*. Further, Westlake claims an interest in the 1993 Cadillac Fleetwood, VIN #1G6DW5279PR719697, purchased by Love Martino and financed by Twinstar. *Id*. If Westlake is allowed to recover on the bond, it should be ordered to release its security interests in the above vehicles as Westlake cannot be compensated for its purported losses and still hold title to or have a security interest in the above vehicles. This would amount to a double recovery. In fact, Westlake should be required to deliver those titles immediately to Twinstar regardless of the outcome here.

Because Westlake's claim distills into a claim that Rose City failed to repay Westlake, it does not have a valid claim against the bond pursuant to ORS 822.045(2) and *Brasher's Cascade Auto Auction, Inc. v.* Leon, 247 Or. App. 535, 542, 270 P.3d 330, 334 (2011). Further, Westlake has not suffered damages because its interest is still secured by titles or liens against floored vehicles. For these reasons, Twinstar respectfully requests the court reject Westlake's claim on the bond.

### 3. Proposed Distribution

Pursuant to prior order $27,829.58 is available to pay legitimate claims against the bond

proceeds. Twinstar, Unitus Community Credit Union ("UCCU") and Steve and Joanna Stoner ("Stoner") have each filed valid claims on the bond. The total of these claims is $68,518.64. Each claimant is entitled to its pro rata share of the proceeds based on the amount of its claim. Under ORS 822.030(3), because Twinstar is a non-retail customer of the dealer, the maximum amount it can recover is $20,000. As such, Twinstar offers the following proposed distribution:

| Claimant | Amount Claimed | % of Total Claim | Amount of Distribution |
| --- | --- | --- | --- |
| Twinstar | $49,577.91 | 72.4% | Capped at $20,000; actual share is $20,148.61 |
| UCCU | $17,976.23 | 26.2% | $7291.35 |
| Stoner | $964.50 | 1.4% | $389.61 |

Because Twinstar's recovery is capped at $20,000, Twinstar proposes allocating the remaining $148.61 to the only retail customer, Stoner, increasing their recovery to $538.22.

## CONCLUSION

For the foregoing reasons, Twinstar respectfully requests its pro rata share of the bond in the amount of $20,000.

DATED this 16th day of March, 2015.

KILMER VOORHEES & LAURICK, P.C.

*s/ James P. Laurick*
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
Alisa D. Hardy, OSB No. 105886
ahardy@kilmerlaw.com
732 NW 19th Avenue
Portland, OR  97209
Phone No.:  (503) 224-0055
Fax No.:  (503) 222-5290
Of Attorneys for Defendant Twinstar Credit Union

**Page 6 -- DEFENDANT TWINSTAR CREDIT UNION'S RESPONSE TO PLAINTIFF'S (AND WESTLAKE'S) MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS**

## CERTIFICATE OF FILING AND SERVICE

I certify that on this 16th day of March, 2013, the foregoing **DEFENDANT TWINSTAR CREDIT UNION'S RESPONSE TO PLAINTIFF'S (AND WESTLAKE'S) MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS** was filed and served by using the Court's CM/ECF system.

*s/ James P. Laurick*
James P. Laurick, OSB No. 821530
Of Attorneys for Defendant Twinstar Credit Union

Page  1 -  CERTIFICATE OF FILING AND SERVICE

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290