**Daniel L. Duyck, OSB #972529**
E-mail: dduyck@whippleduyck.com
Whipple & Duyck, P.C.
1500 SW First Ave., Suite 1170
Portland, OR 97201
Telephone (503) 222-6191
Facsimile (503) 222-6029

Attorneys for Defendant Westlake Flooring Company, LLC dba Westlake Financial Services.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TOWER INSURANCE COMPANY OF NEW YORK**, a New York corporation,<br><br>    **Plaintiff**,<br><br>    v.<br><br>**ROSE CITY AUTO GROUP, LLC**, an Oregon limited liability company; **LEONARD M. SHILEY**, an individual; **THERESA BYLE**, an individual; **LOGAN DRIEDRIC**, an individual; **JOANNA STONER**, an individual; **STEPHEN STONER**, an individual; **LOVE MARTINO**, an individual; **ANAN SRIVILAI**, an individual; **CAMERON JOHNSON**, an individual; **JONATHAN GILLBERT**, an individual; **TINA HARRAL**, an individual; **ROY WIEGAND**, an individual; **NATHAN LANGER**, an individual; **KAREN BERSINE**, an individual; **MELISSA STEVENS**, an individual; **TONY EDWARDS**, an individual; **DEBBIE RECKTANGLE**, an individual; **RODNEY JENKINS**, an individual; **STEPHEN SCHANTIN**, an individual; **BRITTANY LAWRENCE**, an individual; **MATT REED**, an individual; **SHERIAL** | Case No.: 3:14-cv-00975-MO<br><br>WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING SERVICES' SUPPLEMENTAL RESPONSE TO MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS |

Page 1    WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING SERVICES' SUPPLEMENTAL RESPONSE TO MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS

WHIPPLE & DUYCK, P.C.
ATTORNEYS AT LAW
1500 SW FIRST AVE., SUITE 1170
PORTLAND, OR 97201
503.222.6004
503.222.6191

**REED**, an individual; **RACHEL SCHANTIN**, an individual; **EZEKIAL HUNT**, an individual; **BOBBY HEAGLE**, an individual; **LANEY BLANKENSHIP**, an individual; **LONNEY FRANCIS**, an individual; **OREGON COMMUNITY CREDIT UNION**, an Oregon non-profit entity; **TWINSTAR CREDIT UNION**, a Washington nonprofit corporation; **LOBEL FINANCIAL CORPORATION**, a California corporation; **THE EQUITABLE FINANCE COMPANY**, an Oregon corporation; **UNITUS COMMUNITY CREDIT UNION**, an Oregon non-profit entity; **WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING SERVICES**, a California limited liability company; and **DOES** 1-30,

    **Defendants**.

Defendant and Crossclaimant Westlake Flooring Company LLC, dba Westlake Flooring Services ("Westlake"), hereby supplements its response to Plaintiff's Motion Regarding Resolution of Claims and Final Disbursement of Funds ("Motion") as follows:

1)     Westlake is entitled to at least $18,918.05;

2)     Claimants Joanna and Stephen Stoner (collectively, the "Stoners") are entitled to their full claim of $964.50;

3)     The claims of the remaining Claimants are invalid; and

4)     Plaintiff is entitled to the return of $7,947.03.

Page 2   WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING SERVICES' SUPPLEMENTAL RESPONSE TO MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS

WHIPPLE & DUYCK, P.C.
ATTORNEYS AT LAW
1500 SW FIRST AVE., SUITE 1170
PORTLAND, OR 97201
503.222.6004
503.222.6191

## MEMORANDUM IN SUPPORT

### 1.     A Valid Bond Claim Must Be Based On Fraud, Fraudulent Representation, Or Enumerated Violations Of The Vehicle Code, Only One Of Which Bases Is Required.

ORS 822.030 states a vehicle dealer's bond requirement and rights of action against such bond. ORS 822.030 reads in pertinent part as follows:

> **822.030 Bond or letter of credit requirements; rights of action.** (1) A bond or letter of credit required to qualify for a vehicle dealer certificate under ORS 822.020 or to qualify for renewal of a certificate under ORS 822.040 must comply with all of the following:
> (a) . . .
> (e) The bond or letter of credit must be conditioned that the person issued the certificate shall conduct business as a vehicle dealer without fraud or fraudulent representation **and** without violating any provisions of the vehicle code relating to vehicle registration, vehicle permits, the transfer or alteration of vehicles or the regulation of vehicle dealers.
> (f) . . . .
>
> (2) Any person shall have a right of action against a vehicle dealer, against the surety on the vehicle dealer's bond and against the letter of credit in the person's own name if the person suffers any loss or damage by reason of the vehicle dealer's fraud, fraudulent representations **or** violations of provisions of the vehicle code relating to:
> (a) Vehicle registration;
> (b) Vehicle permits;
> (c) The transfer or alteration of vehicles; or
> (d) The regulation of vehicle dealers.
> (3) Notwithstanding subsection (2) of this section, the maximum amount available under a bond described in subsection (1)(c)(B) of this section for the payment of claims by persons other than retail customers of the dealer is $20,000.
> (4) . . ..

(Emphasis added)

Other parties have argued that fraud alone is insufficient to have a right of action. The legislature's choice of conjunction refutes this position. When it comes to bond requirements, the chosen conjunction is "**and**" so that a vehicle dealer must have a bond to protect against (1) fraud; (2) fraudulent representation; **and** (3) enumerated violations

Page 3    WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING SERVICES' SUPPLEMENTAL RESPONSE TO MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS

WHIPPLE & DUYCK, P.C.
ATTORNEYS AT LAW
1500 SW FIRST AVE., SUITE 1170
PORTLAND, OR 97201
503.222.6004
503.222.6191

of the vehicle code. But to have a right of action, the chosen conjunction is "**or**" so that a claimant need only to have a claimed loss as a result of (1) fraud; (2) fraudulent representation; **or** (3) enumerated violations of the vehicle code.

This makes sense. In order to effectively provide protection, the bond must include a full recitation of the potential rights to a claim. But the opposite is not true: a right to claim can include any but not necessarily all of the recited potential rights to a claim.

### 2. Cases Citing ORS 481.310, the predecessor to ORS 822.030, Supports Non-Consumer Claims Based on Fraud Only.

The legal concepts found in ORS 822.030 used to be codified at ORS 481.305 and 481.310.[1] Former ORS 481.310 (1) – (2) reads, with emphasis added, as follows:

> (1) The bond mentioned in ORS 481.305(3)(b) shall have a corporate surety licensed to do business within this state. The bond shall be executed to the State of Oregon in the sum of $15,000, unless the applicant desires to engage in the business of buying, selling or dealing exclusively in motorcycles or mopeds, in which case the sum shall be $2,000. It shall be approved as to form by the Attorney General, and be conditioned that the applicant, if a license is issued to the applicant, shall conduct business as a dealer without fraud or fraudulent representation **and** without violating any of the provisions of this chapter.
>
> (2) If any person suffers any loss or damage by reason of the fraud, fraudulent representations **or** violation of any of the provisions of this chapter by a licensed dealer, the person has a right of action against such dealer and a right of action in the person's own name against the surety upon the bond.

Like ORS 822.030, former ORS 481.310 uses the conjunctive "**and**" when listing bond requirements and the conjunctive "**or**" when listing rights of action. There are a

---

[1] *See Condliff v Priest, et al*, 82. Or. App. 115, 727 P.2d 175 (1986), fn 1.

Page 4    WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING SERVICES' SUPPLEMENTAL RESPONSE TO MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS

WHIPPLE & DUYCK, P.C.
ATTORNEYS AT LAW
1500 SW FIRST AVE., SUITE 1170
PORTLAND, OR 97201
503.222.6004
503.222.6191

number of cases construing former ORS 481.305-310 to include "fraud only" claims that do not have a violation of the code.[2]

### 3. Westlake's Bond Claim Is Based On Fraud.

As previously briefed, Westlake's bond claim is based on the fraudulent activity of Rose City Auto Group ("Rose") and its principal, Leonard M. Shiley ("Shiley").[3] The fraud allegations are supported by an audit/investigation conducted by Patrick Amato, Westlake's vice president. Claimants serious about their claims have taken similar action in other successful cases.[4]

Further, Westlake is the only claimant so confident in its position that it has made a crossclaim against Rose and Shiley. Westlake has made a motion for a default on its crossclaim. While a default is not conclusive, it has been used by other courts as prima facie evidence of fraud in claims against a vehicle dealer's bond.[5] If the Court does not believe Westlake has made its prima facie case, it requests the opportunity to be heard and put on additional evidence in support of its fraud claim.

Tower does not dispute Westlake's claim. Twinstar tries to recharacterize Westlake's claim to its own advantage. But Twinstar has not submitted admissible

---

[2] *Butler v. United Pac. Ins. Co.*, 265 Or. 473, 509 P.2d 1184 (1973)(analyzing availability of bond proceeds for damages based upon fraud and punitive damages but not violation of code); *Kliks v. McCaffrey*, 221 Or. 81, 350 P.2d 417 (1960)(discussion of fraud claim without violation of code); *Butte Motor Co. v Strand*, 225 Or. 317, 319-320, 358 P.2d 279 (1960)(analyzing fraud only claim without violation of the code); *South Seattle Auto Auction, Inc. v. Western Cas. and Surety Co.*, 41 Or. App. 1269, 598 P.2d 1269(analyzing and allowing fraud only claim without violation of code).

[3] *See* Memorandum of Patrick Amato in Ex.2, pp. 9-13 of *Westlake's Answer, Counterclaim, and Crossclaims* (detailing discovery of various fraudulent activity as part of Westlake's audit of Rose).

[4] *See General Electric Credit Corporation v. United Pac. Ins. Co.*, 80 Or. App. 129, 722 P.2d 15 (claimant used an unscheduled, unannounced inspection of dealer's lot to develop evidence).

[5] *See Kliks v. McCaffrey*, *supra* at 84 (default against principal for fraud is prima facie evidence against the surety of the principal's obligation).

Page 5    WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING SERVICES' SUPPLEMENTAL RESPONSE TO MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS

WHIPPLE & DUYCK, P.C.
ATTORNEYS AT LAW
1500 SW FIRST AVE., SUITE 1170
PORTLAND, OR 97201
503.222.6004
503.222.6191

evidence to attack Westlake's claim. Whereas Westlake's evidence comes from its vice-president and is supported by documentation, Twinstar's evidence comes in the form of last minute testimony from its attorney and is unsupported by any documentation.

### 4. None Of The Non-Consumer Claimants Have A Valid Bond Claim.

The following parties have filed a claim against the bond: (1) Unitus Community Credit Union ("Unitus"); (2) Oregon Community Credit Union ("OCCU"); (3) Twinstar Credit Union ("Twinstar"). OCCU has withdrawn its claim. Twinstar has made a last minute amendment to bootstrap fraud into its claim, but it provides no new admissible evidence and its claim remains invalid per prior briefing. Unitus's claim is insufficient per prior briefing. At this late date, any effort by Twinstar or Unitus to reframe their claims to include fraud is seemingly doomed. Evidence of fraud can be fleeting, and both Twinstar and Unitus simply waited too long to conduct the kind of investigation necessary to develop and preserve evidence of fraud.

### 5. Non-Consumer Claimants are Entitled to All Remaining Funds and Are Not Limited to $20,000.

The purpose of bonds is to protect third parties. The purpose is not to protect bond companies who accept a bond premium in exchange for accepting a risk of default. In this case, Tower's underwriters are assumed to have conducted an in-depth financial investigation of Rose and Shiley and priced its bond based upon the risk of default.

In crafting ORS 822.030, the legislature has clearly contemplated two categories of "persons" to be protected by the bond: retail customers and non-retail customers. Further, it is clear that the legislature wants to protect retail customers over non-retail customers. But there is no indication that the legislature wanted to protect sureties at the expense of persons damaged by a vehicle dealer's fraud.

Further, if the Court were to adopt Tower's hyper-technical reading of "persons," the same approach should be adopted to interpret "retail customers." In this case, we

Page 6    WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING SERVICES' SUPPLEMENTAL RESPONSE TO MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS

WHIPPLE & DUYCK, P.C.
ATTORNEYS AT LAW
1500 SW FIRST AVE., SUITE 1170
PORTLAND, OR 97201
503.222.6004
503.222.6191

have one retail customer, not multiple retail customers. It follows that the protections contemplated by ORS 822.030(3) do not apply as the retail customer is fully protected. Once this retail customer is satisfied, the remainder of the funds should be available to all qualified non-consumer claimants.

6. **Westlake Will Amend Its Claim Without Waiver.**

In response to Twinstar's allegations regarding vehicle titles, Westlake desires to amend its claim to $18,918.05 because it still holds title to some of the vehicles subject to its claim. As shown in the table below, these vehicles are all at least ten years old. Though it holds title, Westlake has no way of knowing the condition, mileage, and other factors that would impact the auction value of these vehicles. Without waiver, and in an effort to save costs and streamline this matter, Westlake is willing to accept the risk that these vehicles will gain an auction price sufficient to pay Westlake. The alternative would be for the Court to hold this matter open until these vehicles were sold at auction and redistribute proceeds accordingly.

| Stock # | Year | Make | Model | Color | VIN | Title Status | RDS Total |
|---|---|---|---|---|---|---|---|
| 51 | 2003 | DODGE | DURANGO | BLACK | 1D4HS38N43F530815 | Released | $2,340.45 |
| 41 | 2005 | FORD | FOCUS | BLUE | 1FAFP34N85W310324 | Released | $2,256.90 |
| 3 | 2000 | CHEVROLET | MALIBU | NA | 1G1ND52JXY6108544 | Released | $2,333.73 |
| 2 | 2001 | CHEVROLET | MALIBU | NA | 1G1NE52J816135180 | Released | $1,322.13 |
| 54 | 2004 | CHEVROLET | MALIBU | WHITE | 1G1ZS52F94F238974 | Released | $3,568.03 |
| 52 | 2004 | CHEVROLET | MALIBU | BLUE | 1G1ZT648X4F192864 | Received | |
| 14 | 1993 | CADILLAC | FLEETWOOD | GRAY | 1G6DW5279PR719697 | Released | $979.02 |
| 47 | 1999 | GMC | YUKON | GOLD | 1GKEK13R6XR919687 | Received | |
| 24 | 2000 | CHEVROLET | TRACKER | BLUE | 2CNBE13C2Y6956830 | Released | $1,916.59 |
| 6 | 2002 | CHEVROLET | IMPALA | GOLD | 2G1WH55KX29155909 | Received | |
| 22 | 1999 | DODGE | NEON | GREEN | 3B3ES47Y5XT501712 | Received | |

Page 7    WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING SERVICES' SUPPLEMENTAL RESPONSE TO MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS

WHIPPLE & DUYCK, P.C.
ATTORNEYS AT LAW
1500 SW FIRST AVE., SUITE 1170
PORTLAND, OR 97201
503.222.6004
503.222.6191

| Stock # | Year | Make | Model | Color | VIN | Title Status | RDS Total |
|---|---|---|---|---|---|---|---|
| 50 | 2008 | SUBARU | OUTLOOK | WHITE | 4S4BP61C787361529 | Received | |
| 46 | 2000 | TOYOTA | TUNDRA | SILVER | 5TBBT4414YS002779 | Received | |
| 28 | 1996 | MITSUBISHI | 3000 | RED | JA3AM84J5TY005340 | Released | $1,851.19 |
| 48 | 2003 | MITSUBISHI | MONTERO | MAROON | JA4NW51S93J034934 | Received | |
| 49 | 2004 | KIA | SEDONA | WHITE | KNDUP131546518423 | Received | |
| 42 | 1993 | MERCEDES-BENZ | 300 | GOLD | WDBEA32E4PB962473 | Released | $27.09 |
| 15 | 1999 | VOLKSWAGEN | PASSAT | WHITE | WVWPD63B5XE388181 | Released | $2,306.68 |
| 35 | 1963 | FORD | FAIRLANE | BLUE | 3R42F182839 | Received | |
| 55 | 2004 | VOLVO | XC90 | GRAY | YV1CM91H241084357 | Received | |
| 44 | 2001 | VOLVO | V70 | TAN | YV1SZ58DX11014934 | Released | $16.24 |
| | | *TOTAL* | | | | | *$18,918.05* |

/ / /

/ / /

/ / /

Page 8    WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING SERVICES' SUPPLEMENTAL RESPONSE TO MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS

WHIPPLE & DUYCK, P.C.
ATTORNEYS AT LAW
1500 SW FIRST AVE., SUITE 1170
PORTLAND, OR 97201
503.222.6004
503.222.6191

### 7. **Proposed Distribution**

Based on the foregoing, including Westlake's willingness to accept the risk of auction sales, Westlake respectfully requests that the remaining funds be distributed as follows:

The Stoners' share is: $964.50

Westlake's share is: $18,918.05

After the Stoners and Westlake receive their shares, Plaintiff is left with: $7,947.03 (=$27,829.58 - $18,918.05 - $964.50).

The Court should enter an order disbursing the remaining funds accordingly.

Dated this 18th day of March, 2015.

WHIPPLE & DUYCK, P.C.

By: /s/ Daniel L. Duyck
Daniel L. Duyck, OSB #972529
Of Attorneys for Defendant
Westlake Flooring Company, LLC dba
Westlake Financial Services

Page 9   WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING SERVICES' SUPPLEMENTAL RESPONSE TO MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS

WHIPPLE & DUYCK, P.C.
ATTORNEYS AT LAW
1500 SW FIRST AVE., SUITE 1170
PORTLAND, OR 97201
503.222.6004
503.222.6191

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of March, 2015, I served the foregoing WESTLAKE FLOORING COMPANY LLC, DBA WESTLAKE FLOORING SERVICES' SUPPLEMENTAL RESPONSE TO MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS on the following parties:

| | |
|---|---|
| Lawrence A. Wagner<br>Stewart Sokol & Gray LLC<br>2300 SW First Ave., Suite 200<br>Portland, OR 97201-0699<br><br>*Of Attorneys for*<br>*Tower Insurance Company of New York* | Michelle M. Bertolino<br>Farleigh Wada Witt<br>121 SW Morrison St., Suite 600<br>Portland, OR 97204<br><br>*Of Attorneys for*<br>*Unitus Community Credit Union* |
| Thomas M. Orr<br>Hutchinson Cox Coons et al<br>940 Willamette St., Suite 400<br>PO Box 10886<br>Eugene, OR 97440<br><br>*Of Attorneys for*<br>*Oregon Community Credit Union* | James P. Laurick<br>Kilmer, Voorhees & Laurick, P.C.<br>732 NW 19th Avenue<br>Portland, Oregon 97209<br><br>*Of Attorneys for*<br>*Twinstar Credit Union* |

☒ via CM/ECF system

| | |
|---|---|
| Joanna Stoner<br>PO Box 381<br>Onalaska, WA 98570 | Stephen Stoner<br>PO Box 381<br>Onalaska, WA |

☒ by mailing a true and correct copy thereof by U.S. Postal Service, ordinary first class mail, addressed to each non-CM/ECF party's last-known address and depositing in the U.S. mail at Portland, Oregon, on the date set forth above;

DATED this 18th day of March, 2015.

                                             /s/ Daniel L. Duyck
                                           Daniel L. Duyck, OSB #972529

Page 1    CERTIFICATE OF SERVICE

WHIPPLE & DUYCK, P.C.
ATTORNEYS AT LAW
1500 SW FIRST AVE., SUITE 1170
PORTLAND, OR 97201
503.222.6004
503.222.6191