Vincent L. Sliwoski, OSB #105063
vsliwoski@fwwlaw.com
Michelle M. Bertolino, OSB #912130
Farleigh Wada Witt
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

    Attorneys for Unitus Community Credit Union

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TOWER INSURANCE COMPANY OF NEW YORK**, a New York corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>**ROSE CITY AUTO GROUP, LLC**, an Oregon limited liability company; **LEONARD M. SHILEY**, an individual; **TERESA BYLE**, an individual; **LOGAN DRIEDRIC**, an individual; **JOANNA STONER**, an individual; **STEPHEN STONER**, an individual; **LOVE MARTINO**, an individual; **ANAN SRIVILAI**, an individual; **CAMERON JOHNSON**, an individual; **JONATHAN GILBERT**, an individual; **TINA HARRAL**, an individual; **ROY WIEGAND**, an individual; **NATHAN LANGER**, an individual; **KAREN BERSINE**, an individual; **MELISSA STEVENS**, an individual; **TONY EDWARDS**, an individual; **DEBBIE RECKTANGLE**, an individual; **RODNEY JENKINS**, an individual; **STEPHEN SCHANTIN**, an individual; **BRITTANY LAWRENCE**, an individual; **MATT REED**, an individual; **SHERIAL REED**, an individual; **RACHEL SCHANTIN**, an individual; **EZEKIAL HUNT**, an individual; **BOBBY HEAGLE**, an individual; **LANEY BLANKENSHIP**, an individual; **LONNEY FRANCIS**, an individual; **OREGON COMMUNITY** | Case No. 3:14-cv-00975-MO<br><br>DEFENDANT UNITUS COMMUNITY CREDIT UNION'S RESPONSE TO PLAINTIFF'S (AND WESTLAKE'S) MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS |

**CREDIT UNION**; an Oregon non-profit entity, **TWINSTAR CREDIT UNION**, a Washington nonprofit corporation; **LOBEL FINANCIAL CORPORATION**, a California corporation; **THE EQUITABLE FINANCE COMPANY**, an Oregon corporation; **UNITUS COMMUNITY CREDIT UNION**, an Oregon non-profit entity; **WESTLAKE FLOORING COMPANY LLC**, a California limited liability company; and **DOES 1-30**,

                     Defendants.

Defendant Unitus Community Credit Union ("UCCU") offers the following response to Plaintiff's ( and Westlake's) Motion Regarding Resolution of Claims and Final Disbursement of Funds ("Motion") and in support of its claim in the amount of $17,976.23 (*Dkt #21*) UCCU's claim arises from fraud and violations of ORS 822.045(1) by Rose City Auto Group, LLC ("Rose City").  UCCU joins in the arguments made in Twinstar's Response to Plaintiff's (and Westlake's) Motion Regarding Resolution of Claims and Final Disbursement of Funds, which asserts that Westlake Flooring Company LLC dba Westlake Flooring Services' ("Westlake") claim is invalid pursuant to ORS 822.045(2) and common law.  Finally, UCCU accepts the $7,291.35 distribution proposed by Twinstar as recovery of UCCU's pro rata share of the bond, in accordance with UCCU's claim amount of $17,976.23. UCCU's response is supported by the Points and Authorities below, the Declaration of Allen Bump ("Bump Dec."), the Declaration of Vincent Sliwoski ("Sliwoski Dec."), and the records and files herein.

    1. <u>UCCU's Claim</u>.

UCCU's claim arises from Rose City's violations of ORS 822.045(j) and (k) and fraud.  Specifically, on or about August 9, 2013, UCCU made a loan to its member, Leonard M. Shiley ("Shiley"), in the sum of $17,999 for the purchase of a 2008 Subaru Outback ("Vehicle")

from Rose City. Dkt #21; Affidavit of Claim, Ex. 1 and Declaration of Allen Bump (Bump Declaration), Exhibit 1.  As part of the loan, Shiley granted a security interest in the Vehicle to UCCU. *Id.*  On or about August 9, 2013, UCCU issued Check No. 00-0007001101 (the "Check") in the amount of $17,999 payable to Rose City. *Dkt #21; Affidavit of Claim, Ex. 1, page 6.* Upon negotiation of the Check, Rose City was required to provide the Vehicle title to UCCU, or otherwise perfect UCCU's security interest in the Vehicle.  However, Rose City failed to provide clear title for the Vehicle in violation of ORS 822.045(k).  Instead, Rose City converted the loan funds paid to it by UCCU and ignored its statutory requirements.

On information and belief, on or about October 15, 2013, Shiley traded-in the Vehicle to Rose City and/or placed the Vehicle back into Rose City's inventory.  Subsequently, on information and belief, Rose City obtained financing from and/or granted a security interest in the Vehicle to Westlake Financial Services ("Westlake Financial").  A copy of the title listing Rose City as legal owner and Westlake Financial as lienholder/security interest holder is attached to the Declaration of Vincent Sliwoski, (Sliwoski Dec.) as Exhibit A.  On further information, Westlake subsequently transferred to Westlake title to a third-party as a buyer in the ordinary course. Upon transfer of the Vehicle to Westlake Financial, Rose City was required to satisfy UCCU's interest in the Vehicle within 15 days from the transfer as required by ORS 822.045(j), but failed to do so. Based on Rose City's violations of ORS 822.045(j) and ORS 822.045(k), UCCU has a claim against the dealer bond pursuant to ORS 822.030.

Rose City's actions above also constitute fraud.  Upon receipt of the loan proceeds from UCCU and by accepting the same, Rose City knew that it was required to furnish clear title in the Vehicle to UCCU and represented it would deliver clear title. In addition, Rose City knew of UCCU's loan and security interest in the Vehicle when it transferred title to or

granted a security interest in the Vehicle to WestLake Financial. Rose City's actions in failing to deliver clear title to the Vehicle to UCCU, use of loan proceeds from UCCU for its use, and its failure to satisfy UCCU's prior loan and security interest when it obtained subsequent financing from Westlake Financial, constitutes fraud.

UCCU has suffered damages due to Rose City's actions because UCCU cannot secure its interest in the Vehicle for which it loaned money or enforce its rights under the security agreement. In addition, UCCU, like Twinstar, likely cannot recover any insurance on the Vehicle. *See e.g. Chamberlain v. Jim Fisher Motors, Inc.*, 282 Or. 229, 231, 578 P.2d 1225, 1226 (1978) (insurer to pay claim for theft of vehicle because of claimant's inability to produce title to vehicle).

ORS 822.030(2) provides that UCCU has a claim against Rose City's bond if it suffered damage by reason of Rose City's fraud or violations of vehicle code. The statute is remedial for the protection of persons injured by a bonded party. For this reason, it should be liberally construed to accomplish its purpose. *Gen. Elect. Credit Corp. v. United Pac. Ins. Co.*, 80 Or. App. 129, 135, 722 P.2d 15, 18 (1986). Rose City's failure to furnish clear title to UCCU is fraud and a violation of ORS 822.045(j) and (k). UCCU has been damaged by Rose City in the amount of $18,518.17, the updated current payoff amount on the loan it made for the Vehicle.

    2. <u>Westlake is not Entitled to Recover on the Bond</u>.

UCCU joins in the arguments made by Twinstar in support of its arguments that Westlake is not entitled to recover on the bond.

    3. <u>Proposed Distribution</u>.

UCCU joins in the distributions proposed by Twinstar to all parties.

## CONCLUSION

For the foregoing reasons, UCCU respectfully requests that the Court grant it its pro rata share of the bond in the amount of $7,291.35, in accordance with UCCU's claim in the amount of $17,976.23.

DATED this 24th day of March, 2015

        FARLEIGH WADA WITT


        By: /s/ Vincent Sliwoski
           Vincent L. Sliwoski, OSB #105063
           (503) 228-6044
           vsliwoski@fwwlaw.com
           Attorneys for Unitus Community Credit Union

CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2015, I electronically filed the foregoing **UNITUS COMMUNITY CREDIT UNION'S RESPONSE TO PLAINTIFF'S (AND WESTLAKE'S) MOTION REGARDING RESOLUTION OF CLAIMS AND FINAL DISBURSEMENT OF FUNDS, DECLARATION OF ALLEN BUMP IN SUPPORT OF UNITUS COMMUNITY CREDIT UNION'S RESPONSE and DECLARATION OF VINCENT L. SLIWOSKI IN SUPPORT OF UNITUS COMMUNITY CREDIT UNION'S RESPONSE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lawrence A. Wagner
Stewart Sokol & Gray LLC
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
lwagner@lawssg.com
    Of Attorneys for Plaintiff

Thomas M. Orr
Hutchinson Cox Coons et al.
P.O. Box 10886
Eugene, OR  97440
torr@eugene-law.com
    Of Attorneys for Oregon Community Credit Union

James P. Laurick
Kilmer, Voorhees & Laurick, P.C.
732 NW 19th Ave
Portland, OR  97209
jlaurick@kilmerlaw.com
    Of Attorneys for Twinstar Credit Union

Daniel L. Duyck
Whipple & Duyck, P.C.
1500 SW First Ave Suite 1170
Portland, OR  97201
dduyck@whippleduyck.com
    Of Attorneys for Westlake Flooring Company LLC

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Joanna Stoner, Stephen Stoner, P.O. Box 381, Onalaska, WA 98570.

    FARLEIGH WADA WITT

    By:  /s/ Vincent L. Sliwoski, OSB #105063
    Attorneys for Defendant Unitus
    Community Credit Union
    121 SW Morrison St., Suite 600
    Portland, Oregon 97204
    (503) 228-6044 (phone)
    (503) 228-1741 (fax)
    vsliwoski@fwwlaw.com

Page  1 – CERTIFICATE OF SERVICE