IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| **TOWER INSURANCE COMPANY OF NEW YORK,** a New York corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>**ROSE CITY AUTO GROUP, LLC,** an Oregon limited liability company**; LEONARD M. SHILEY,** an individual**; TERESA BYLE,** an individual**; LOGAN DRIEDRIC,** an individual; **JOANNA STONER**, an individual**; STEPHEN STONER,** an individual**; LOVE MARTINO,** an individual**; ANAN SRIVILAI**, an individual**; CAMERON JOHNSON**, an individual**; JONATHAN GILBERT,** an individual**; TINA HARRAL,** an individual; **ROY WIEGAND,** an individual; **NATHAN LANGER,** an individual**; KAREN BERSINE,** an individual**; MELISSA STEVENS,** an individual**; TONY EDWARDS,** an individual**; DEBBIE RECKTANGLE,** an individual**; RODNEY JENKINS,** an individual**; STEPHEN SCHANTIN,** an individual**; BRITTANY LAWRENCE,** an individual**; MATT REED,** an individual**; SHERIAL REED,** an individual**; RACHEL SCHANTIN**, an individual**; EZEKIAL HUNT,** an individual**; BOBBY HEAGLE,** an individual**; LANEY BLANKENSHIP,** an individual**; LONNEY FRANCIS,** an individual**; OREGON COMMUNITY CREDIT UNION,** an Oregon non-profit entity**; TWINSTAR CREDIT UNION,**<br><br>    Defendants. | Case No. 3:14-cv-00975-MO<br><br>OPINION AND ORDER |

1 – OPINION AND ORDER

**MOSMAN, J.**,

On June 15, 2015, Westlake Flooring Company ("Westlake") filed their Renewed Motion for Default Judgment against Defendants Leonard M. Shiley and Rose City Auto Group, LLC [84]. Westlake has also filed a Motion for Attorney Fees [85]. For the reasons stated below, I DENY both motions.

In my prior Opinion regarding the Resolution of Claims and Final Disbursement of Funds [74], I noted that Westlake based its claim solely upon fraud by Rose City, without any reference to the elements of fraud. In support of their assertion, Westlake proffered an uncatalogued trove of documents, which totaled 136 pages in total. Westlake failed to authenticate this evidence and did not provide any certification to its veracity. In determining damages, Westlake failed to explain the chart of its claimed damages, and upon further inspection, the numbers provided did not match the documentation attached to its cross-complaint. Despite their lack of assistance, I was able to determine that Westlake was damaged in the amount of $9,384.52, which was reduced *pro rata* to $6,860. Westlake has now filed a renewed motion for default judgment and attorney fees.

In their Renewed Motion for Default Judgment, Westlake has provided no additional information or support to justify their claim for the $2,524.52 they are seeking. Since Westlake has filed to adequately make such a claim, I DENY their renewed motion [84].

Westlake has also filed a Motion for Attorney Fees. On two occasions now, Westlake's counsel has failed to adequately brief or assist this court in its assessment of this matter. Independent from any assistance from Westlake, this court was left to search through the extensive trove of uncatalogued documents Westlake provided to determine what a proper

damages calculation should be.  Therefore I decline to award Westlake any attorney fees and DENY their request [85].  IT IS SO ORDERED.

DATED this __14th__ day of August, 2015.

/s/ Michael W. Mosman\
MICHAEL W. MOSMAN\
United States District Judge

3 – OPINION AND ORDER